IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN GATE RESTAURANT ASSOCIATION,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO and DOES 1-15,<br><br>    Defendants.<br>_____ / | No. C 06-06997 JSW<br><br>**ORDER GRANTING MOTION TO INTERVENE** |

Now before the Court is the motion to intervene filed by San Francisco Labor Council, Service Employees International Union ("SEIU") Local 1021, SEIU United Health Case Workers-West, and United Here! Local 2 (collectively "the Unions") pursuant to Federal Rule of Civil Procedure 24(a) and (b). Plaintiffs oppose the motion to intervene. Defendant City and County of San Francisco consents to the Unions' intervention. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for April 6, 2007 is HEREBY VACATED. The Case Management Conference, set for April 6, 2007 at 9:00 a.m. is HEREBY VACATED and RESET to April 6, 2007 at 1:30 p.m. Having carefully considered the parties' arguments and relevant legal authority, the Court hereby GRANTS the Unions' motion to intervene.

**BACKGROUND**

This is an action initiated by Golden Gate Restaurant Association (the "Association"), a non-profit trade association representing restaurants and culinary employers throughout the City and County of San Francisco. (Complt. ¶ 15.) The Association's "primary mission is to promote, extend and protect the interests of the restaurant industry by serving its members in the San Francisco Bay Area." (*Id.*) The Association challenges portions of the San Francisco Health Care Security Ordinance (the "Ordinance") which require certain businesses to expend a minimum dollar amount on health care expenses or to contribute up to the threshold amount to fund the San Francisco Health Access Program ("HAP"). (*Id.* ¶ 1.) The Association contends that portions of the Ordinance directly and indirectly intrude upon the administration of covered employers' federally governed employee benefit programs and are there preempted by the Employee Retirement Income Security Act. (*Id.* ¶ 2.)

The Unions request leave to intervene pursuant to Federal Rule of Civil Procedure 24(a) and (b) as defendants in the action in order to defend the Ordinance.

**ANALYSIS**

Pursuant to Federal Rule of Civil Procedure 24(a), an applicant seeking to intervene in a pending lawsuit "as of right" must demonstrate that: "(1) it has a significant protectable interest relating to the property or transaction that is the subject matter of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (internal citations omitted). An applicant must satisfy all four of these requirements. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

In evaluating these requirements, courts "are guided primarily by practical and equitable considerations." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Courts generally construe conflicts in favor of intervention. *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992). "By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation

2

involving related issues; at the same time, we allow an additional interested party to express its views before the court." *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1496 n.8 (9th Cir. 1995) (citation omitted).

**A.  Significant Protectable Interests.**

"The requirement of a significantly protectable interest is generally satisfied when the 'interest is protectable under some law, and ... there is a relationship between the protected interest and the claims at issue.'" *Arakaki*, 324 F.3d at 1084 (quoting *Sierra Club v. United States EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)). The "relationship" requirement is generally satisfied "only if the resolution of the plaintiff's claims will actually affect the applicant." *Id*. (quoting *Donnelly*, 159 F.3d at 410). To demonstrate a significant protectable interest, the proposed intervenor must demonstrate that the "relief sought by the plaintiffs will have direct, immediate, and harmful effects upon [the proposed-intervenors'] legally protectable interests." *Southwest Center for Biological Diversity v. Berg*, 268 F.2d 810, 818 (9th Cir. 2001) (quoting *Forest Conservation Council*, 66 F.3d at 1494). The requirement of an "interest relating to the property or transaction" is construed expansively. *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 132-36 (1967). There are two factors the Court must consider to determine whether a party has a sufficient interest relating to the transaction: (1) whether the asserted interest is "protected under some law" and (2) whether there is a "relationship" between the legally protected interest and the claims at issue. *Green v. United States*, 996 F.2d 973, 976 (9th Cir. 1993).

Here, the Unions contend that they have a protectable interest in the subject transaction because whether employers' expenditures are in the form of health care insurance, contribution to health savings accounts, direct reimbursement, direct delivery of health care services, or payments to the City's HAP, they will benefit members of the Unions. (Motion at 6.) Additionally, the Unions contend that the Ordinance protects the interests of employees whose employers do currently make the required minimum payments but compete in the same market as those employers that do not make the required expenditures. Further, the Unions argue that there is a relationship between this legally protected interest in securing health care

contributions on behalf of the Unions' members and the claims before this Court because the resolution of the claims and the injunctive relief sought by Plaintiff will directly affect Union members.  *See City of Los Angeles*, 288 F.3d at 398.

In response, Plaintiff contends that the Unions and its members have not demonstrated a sufficient protectable interest because their interests merely mirror those of San Francisco employees generally whose interests are already represented by the City and County of San Francisco, the existing defendant.  Where a proposed intervenor's interests mirror those of a substantial portion of the population and merely assert "an undifferentiated, generalized interest in the outcome of an ongoing action," such an interest is not sufficient.  (Opp. Br. at 5-6, citing *Westlands Water District v. United States*, 700 F.2d 561, 563 (9th Cir. 1983) and *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002).)

Here, the Court finds that the Unions have made a sufficient showing that they possess a protectable interest in the subject transaction and that there is a relationship between this legally protected interest in securing health care contributions and the claims before this Court because the resolution of the claims and the injunctive relief sought by Plaintiff will directly affect Union members.  *See Californians for Safe and Competitive Dump Truck Transportation v. Mendonca*, 152 F.3d 1185, 1189-1190 (9th Cir. 1998) (upon de novo review, finding that union had a right to intervene as a matter of law where its members "had a 'significant interest' in receiving the prevailing wage for their services as opposed to a substandard wage" and if the challenge the California's Prevailing Wage Law succeeded, "it would have clearly impaired [the union's] members' right to receive the prevailing wage.")

**B.      The Disposition of this Action May Impair or Impede the Proposed Intervenors' Ability to Protect Their Interests.**

The Ninth Circuit approaches the "impair or impede" requirement pragmatically: "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Berg*, 268 F.3d at 822 (quoting Federal Rule of Civil Procedure 24 advisory committee's notes).  Having found that the Unions possess a significant protectable interest, it is clear that the outcome of this suit challenging the

4

1  Ordinance may impair the Unions' ability to protect their members' interest in ensuring that
2  their employers make the minimum health care expenditures on their behalf. Should the Court
3  ultimately find that it must enjoin the enforcement of the Ordinance, the Unions' members
4  would lose protections ostensibly granted by passage of the Ordinance. *See also Mendonca*,
5  152 F.3d at 1190.

**C.     The Application is Timely.**

In determining timeliness, the Court weighs (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of any delay. *United States v. Oregon*, 913 F.2d 576, 588-89 (9th Cir. 1990). The Unions served their motion to intervene before any discovery commenced and the motion will not delay the litigation of this action nor prejudice any party. Plaintiff does not contest the timeliness of the motion to intervene. (Opp. Br. at 3.) The Unions filed the motion timely.

**D.     The Existing Parties May Not Adequately Represent the Unions' Interests.**

The Ninth Circuit has identified three factors to consider when determining whether existing parties adequately represent an intervenor applicant's interest: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *City of Los Angeles*, 288 F.3d at 398 (citations omitted). The requirement "is satisfied if the applicant shows that representation of his interest 'may be' inadequate." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). The burden of making this showing is minimal. *Id.*

There is "an assumption of adequacy when a government agency is acting on behalf of a constituency that it represents." *Arakaki*, 324 F.3d at 1087 (citing *City of Los Angeles*, 288 F.3d at 401). However, this presumption may be overcome where the prospective intervenor's interests may be "more narrow and parochial than the interests of the public at large." *Mendonca*, 152 F.3d at1190; *see also Forest Conservation Council*, 66 F.3d at 1499 (citing *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 1000-01 (8th Cir. 1993)

5

(finding that, because the county's and landowners' "local and individual interests" were not shared by the general state citizenry, the State would not adequately represent those interests).)

In *Mendonca*, the court noted that the interests of the union members in receiving the prevailing wage were potentially more narrow than the state's broader interest in upholding the prevailing wage law generally, and therefore the union had made a sufficient showing of inadequacy. *Id*. As in *Mendonca*, the Unions' members here have a personal interest in the enforcement of the Ordinance that is more narrow than the City's general interest because they would be among the employees directly affected by the injunction of the Ordinance. In addition, the Defendant City and County of San Francisco represents the public generally, including businesses and employers who may claim to be harmed by the passage of the Ordinance. Lastly, according to the language in the Ordinance itself as quoted by the Unions, the City and County maintains an independent institutional interest in the passage of the Ordinance because it is currently the operator of health care entities that provide emergency services for uninsured residents without compensation. *(See* Motion at 10, citing Ordinance § 1.) The City's interest is therefore distinct from the Unions' interest in protecting its member employees.

**CONCLUSION**

Accordingly, the Court HEREBY GRANTS the Unions' motion to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a) and as such will not address permissive intervention pursuant to Rule 24(b). The Unions shall file their answer within ten days of this Order.

**IT IS SO ORDERED.**

Dated: April 5, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6