**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GOLDEN GATE RESTAURANT ASSOCIATION,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO and DOES 1-15,

    Defendants.

    /

No. C 06-06997 JSW

**NOTICE OF QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON NOVEMBER 2, 2007 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall each have 25 minutes to address the following questions:

1. With both parties moving for summary judgment on essentially the same question, which party has the burden to demonstrate that the Ordinance is valid or, in this case, not preempted? (*See* Intervenor's Reply Br. at 5, citing cases indicating that in a facial challenge to a law that has not yet gone into effect, the burden is on the challenger to establish that there are no set of circumstances under which the law could be valid.)

2. All parties agree that the City could have passed an Ordinance requiring all employers to pay a tax to fund a government health program. Why is the payment of a minimum amount to cover health care costs, either privately through an ERISA plan, or publicly through the City's plan, not an acceptable non-ERISA option for purposes of a preemption analysis?

3. Why is the Ordinance not an appropriate exercise of the State's police power? The City cites *DeCanas v. Bica*, 424 U.S. 351, 356 (1976), for the proposition that child labor laws, minimum and other wage laws, laws affecting occupational health and safety, and workmen's compensation laws are traditional areas of state police power. However, is the creation of a public alternative for employer-provided health benefit programs traditionally an area of state or local police power?

4. The Intervenors argue that the San Francisco Ordinance at issue is akin to prevailing wage laws that mandate a prevailing wage rate and grant contractors credit for expenditures made on health care and other benefits. Is there authority establishing the similarity or are Plaintiffs correct that this is merely a creative argument by analogy? Are the same employees covered by both ordinances or are there different eligibility requirements?

5. On what basis does Plaintiff contend that the Ordinance creates a *de facto* ERISA plan?

6. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: November 1, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2