IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GOLDEN GATE RESTAURANT ASSOCIATION,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO and DOES 1-15,

    Defendants.

No. C 06-06997 JSW

**ORDER DENYING APPLICATION FOR STAY PENDING APPEAL**

    This matter comes before the Court upon consideration of the *ex parte* motion to stay pending appeal filed by Defendant City and County of San Francisco ("the City"). The City also filed an emergency motion to stay pending appeal before the Ninth Circuit Court of Appeals which will be heard on shortened time on Monday, December 31, 2007.

    Due to the urgency of the matter, this Court required that Plaintiff Golden Gate Restaurant Association ("Plaintiff") file an opposition to the motion to stay now pending before this Court by no later than 10:00 a.m. on Friday, December 28, 2007.

    Having considered the parties' pleadings, relevant legal authority, the record in this case and good cause appearing, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L. Rule 7-1(b). The City's application for stay pending appeal is DENIED.

**ANALYSIS**

On December 26, 2007, the Court granted Plaintiff's motion for summary judgment and denied the City's and the Intervenors' motions for summary judgment on the limited legal issue whether the expenditure requirements of the San Francisco Health Care Security Ordinance (the "Ordinance") are preempted by Employee Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. On December 27, 2007, the City moved *ex parte* to stay the ruling of this Court pending appeal. Also, on December 27, 2007, both the City and the Intervenors filed notices of appeal of this Court's summary judgment order before the Ninth Circuit. The Court only received notice of the filing of the notices of appeal on December 28, 2007.

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matter being appealed." *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982)). "This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Southwest Marine*, 242 F.3d at 1166 (citing *Masalosalo v. Stonewall Insurance Co.*, 718 F.2d 955, 956 (9th Cir. 1983); 20 James Wm. Moore, *Moore's Federal Practice*, § 303.32[1] (3d ed. 2000)). The principle of exclusive appellate jurisdiction is not absolute, however, as the "district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Southwest Marine*, 242 F.3d at 1166 (citations omitted). The trial court retains the inherent power "during the pendency of an appeal to act to preserve the status quo and to ensure the effectiveness of the eventual judgment." *Tribal Village of Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir. 1988) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2904, at 315 (1973)).

Here, the City moves for a stay of this Court's order declaring the Ordinance preempted and therefore invalid. The effect of granting a stay of that order would be to allow the Ordinance to go into effect as of January 2, 2008. Thus, the City requests that this Court modify the status quo pending appeal. This the Court cannot do. Sometimes a court may only

2

preserve the status quo by denying a request for a stay. *See Dayton Board of Education v. Brinkman*, 439 U.S. 1358 (1978) (holding that because granting a stay would reverse the status quo, "here it can be preserved only by denying" the stay); *see also United States v. Michigan*, 5050 F. Supp. 467, 471 (W.D. Mich. 1980) ("By seeking a partial stay before this court, the State is asking that the status quo be turned one hundred eighty degrees .... The purpose of a stay is to preserve, not change, the status quo pending the outcome of an appeal.")

Even if the Court did find that a stay was warranted because the City made a strong showing that it was likely to succeed on the merits; or that it would be irreparably injured absent a stay; or that issuance of a stay would substantially injure the other parties interested in the proceeding; or that the stay should be granted in the public interest, the Court could not now act to modify the status quo. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Although the Court does find that "district courts properly stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained," here the stay would reverse the status quo and enable what the Court considers to be a preempted local ordinance to take effect. *See Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 884 (E.D. Cal. 2004) (internal citations omitted).

## CONCLUSION

Accordingly, the Court DENIES the City's *ex parte* application for stay pending appeal.

**IT IS SO ORDERED.**

Dated: December 28, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3